Sean Ferry (SBN 310347)
sferry@raslg.com
David M. Coats, (SBN 295684)
dacoats@raslg.com
**Robertson, Anschutz, Schneid & Crane LLP**
1 Park Plaza, Suite 600
Irvine, CA 92614
Telephone: (470) 321-7112

Attorneys for Creditor
U.S. BANK TRUST NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS OWNER
TRUSTEE FOR RCAF ACQUISITION TRUST

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

|  |  |
|---|---|
| In re<br><br>**Beisa Ramulic Vallejo**<br><br>Debtor | Case No. **2:26-bk-10038-WB**<br><br>Chapter 13<br><br>**AMENDED RESPONSE TO DEBTORS' OBJECTION TO CLAIM NUMBER 1, AND FURTHER BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY (DKT. # 41) BY CLAIMANT U.S. BANK TRUST NATIONAL ASSOCIATION**<br><br>**Hearing Date: 5/20/2026**<br>**Hearing Time: 1:30 p.m.**<br>**Hearing Place: 255 E. Temple Street, Courtroom 1375, Los Angeles, CA 90012**<br><br>**Judge: The Hon. Julia W. Brand** |

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST (hereinafter "Creditor") respectfully submits the following Response to the Debtor's Motion RE: Objection to Claim Number 1 by Claimant U.S. Bank Trust National Association.

### CREDITOR'S CLAIM REMAINS VALID BECAUSE IT SATISFIES

### CALIFORNIA'S RACE-NOTICE JURISDICTION REQUIREMENTS

Debtors first argue that "Ditech Finance LLC, the original lender and/or subsidiary thereof, assigned the loan to Federal National Mortgage Association in 2016. There is no documentation that Federal National Mortgage Association ever assigned the loan to US Bank or any of its predecessors."

Debtor previously produced a document entitled "Assignment of Deed of Trust," dated June 20, 2016, assigning the subject Deed of Trust from Ditech Financial LLC FKA Green Tree Servicing LLC to Federal National Mortgage Association. Ditech Financial LLC then appears to have assigned the same deed of trust to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust on January 31, 2017 (after which it was ultimately assigned to Creditor). The issue is whether the lien assignment from Ditech Finance LLC to Federal National Mortgage Association is enforceable against Creditor. The answer in this case is no.

California's basic rule of lien priority is expressed in California Civil Code section 2897: "Other things being equal, different liens upon the same property have priority according to the time of their creation." In theory, therefore, the June 20, 2016 Assignment of Deed of Trust has priority over the subsequent assignments that resulted in Creditor's lien on the Subject Property.

However, a later-created deed of trust or assignment thereof can have priority over the earlier-created deed of trust or assignment thereof. Pursuant to California Civil Code section 1214: "Every conveyance of real property…is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for valuable consideration, whose conveyance is first duly recorded, as against any judgment affecting the title, unless the conveyance shall have been duly recorded prior to the record of notice of action."

In short, California is a race-notice jurisdiction. A subsequently-created lien takes priority over an earlier-created lien if all four of the following conditions are met:

1. The earlier lien was not recorded;

2. The later lienholder did not have notice of the earlier lien;

3. The later beneficiary gave value for the lien; and

4. The later lien was recorded first.

In the present case:

1. The June 20, 2016 Assignment of Deed of Trust was not recorded.

2. Because the June 20, 2016 Assignment was not recorded, Creditor did not have notice of the June 20, 2016 Assignment of Deed of Trust.

3. Creditor was assigned the Deed of Trust by Wilmington Trust Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee of CSMC 2019-RPL10 Trust on May 13, 2025, "for good and valuable consideration, the sufficiency of which is hereby acknowledged."

4. Finally, Creditor recorded the May 13, 2025 Assignment of Deed of Trust on May 21, 2025.

All four conditions are therefore satisfied. Creditor was a bona fide purchaser for value, without notice of the earlier lien, and recorded its lien first. The June 20, 2016 Assignment of Deed of Trust put forth by Debtors is therefore unenforceable against Creditor, and Creditor's claim remains valid.

**DEBTORS' ARGUMENT ABOUT FUNDS ALLEGEDLY HELD IN ESCROW DO NOT OVERRULE THE PRESUMTPIVE VALDIITY OF CREDITOR'S CLAIM**

Debtors then argue that Creditor "has over $200,000.00 in the escrow account which has not been applied to the loan." Debtors have not proven that sum is being held in escrow, or that such funds can be used for the purpose of paying down Debtors' loan. As such, this argument does rebut the presumptive validity of Creditor's claim.

**CONCLUSION**

For the foregoing reasons, Creditor's claim must be deemed valid, and Debtors' objection thereto must be overruled.

**WHEREFORE**, Creditor respectfully requests:

1.    That the Court overrule Debtors' objection in its entirety; and

2.    For such other relief that the Court deems just and proper.

Respectfully submitted,

**Robertson, Anschutz, Schneid & Crane LLP**

**RESPONSE TO DEBTOR'S OBJECTION TO CLAIM**

Dated: May 11, 2026                          /s/ David Coats
                                             David Coats
                                             Attorney for Creditor

- 4 -                          CASE NO  **2:26-bk-10038-WB**

**RESPONSE TO DEBTOR'S OBJECTION TO CLAIM**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Robertson, Anschutz, Schneid & Crane, LLP / 1 Park Plaza, Suite 600, Irvine, CA 92614


A true and correct copy of the foregoing document entitled (*specify*):  AMENDED
RESPONSE TO DEBTORS' OBJECTION TO CLAIM NUMBER 1, AND FURTHER BRIEF IN SUPPORT OF MOTION
FOR RELIEF FROM THE AUTOMATIC STAY (DKT. # 41) BY CLAIMANT U.S. BANK TRUST NATIONAL
ASSOCIATION
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
05/11/2026        , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:
 RANDY CHANG: RANDYC@THECHANGFIRM.COM
 UNITED STATES TRUSTEE (LA): 915 WILSHIRE BLVD., SUITE 1850, LOS ANGELES, CA 90017
 NANCY K. CURRY (TR): 1000 WILSHIRE BLVD., SUITE 870, LOS ANGELES, CA 90017

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)    05/11/2026      , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.
 BEISA RAMULIC VALLEJO
 508 N CALIFORNIA STREET
 BURBANK, CA 91505

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/11/2026    DAVID COATS | /S/ DAVID COATS |
|---|---|
| *Date*          *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**