RANDY CHANG, ESQ (SBN 237618)
THE CHANG FIRM
7755 Center Avenue, Suite 1100
Huntington Beach, CA 92647
(818) 599-8095
Fax (866) 541-8491
Randyc@thechangfirm.com

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

|  |  |
|---|---|
| In re: | Case Number: 26-10038 |
|  | Beisa Ramulic Vallejo reply to Movant Claim and Motion for Relief from Automatic Stay |
| Beisa Ramulic Vallejo |  |
| DEBTOR |  |

**I. INTRODUCTION**

Movant lacks standing to seek relief from the automatic stay because it has not demonstrated a valid, enforceable interest in the Deed of Trust. The chain of title is broken, and Movant has failed to establish it is the real party in interest. Additionally, there are material disputes regarding the claim amount, including unapplied escrow funds. Relief from stay should be denied.

**II. FACTUAL BACKGROUND**

The subject loan was originally originated with or serviced by Direct Financial LLC (or its predecessor). On or about June 20, 2016, Direct Financial LLC underwent significant corporate changes, including bankruptcy or asset transfer events that terminated its authority to assign the

Beisa Ramulic Vallejo - 1

Deed of Trust thereafter. Any purported assignments after that date are invalid.  Movant's Claim #1 includes disputed amounts, and Debtor has placed substantial funds into escrow that have not been properly applied to the loan balance or arrears. The exact amount held in escrow remains unknown to Debtor despite requests for accounting.

**III. LEGAL ARGUMENT.**

**Movant Has Not Proven It Holds a Valid Beneficial Interest in the Deed of Trust**

Movant relies on a chain of assignments that is defective. Specifically, after June 20, 2016, Direct Financial LLC no longer possessed authority to assign the Deed of Trust. Any post-June 20, 2016 assignment is void or voidable, breaking the chain of title. Movant therefore lacks standing to enforce the security interest or seek relief from stay. (See 11 U.S.C. § 362(d); see also standing requirements under California law.)

**B. California Civil Code § 2932.5 Is Inapplicable to Deeds of Trust and Does Not Validate Movant's Position**

To the extent Movant argues compliance (or non-applicability) under Civil Code § 2932.5, that statute is irrelevant here. By its plain language and long-standing California appellate authority, § 2932.5 applies only to mortgages, not to deeds of trust. (See Haynes v. EMC Mortg. Corp., 205 Cal.App.4th 329, 140 Cal.Rptr.3d 32 (Cal. App. 2012) — reaffirmed that § 2932.5 does not apply to deeds of trust and rejected contrary bankruptcy authority; Calvo v. HSBC Bank USA, N.A., 199 Cal.App.4th 118, 130 Cal.Rptr.3d 815 (Cal. App. 2011)  A literal application of § 2932.5 to deeds of trust would conflict with Civil Code § 2934a (substitution of trustee requirements) and the structure of deeds of trust in California. Recordation of beneficial interest

Beisa Ramulic Vallejo – 2

assignments is not a prerequisite to enforcement under a deed of trust. Debtor asserts this point to highlight that Movant cannot bootstrap an invalid post-2016 assignment through this statute.

**C. Material Dispute Regarding Escrow Funds and Claim Amount**

Debtor has tendered substantial payments into escrow. An unknown amount of these funds has not been properly credited to the loan. This creates a bona fide dispute as to the amount of Movant's claim and whether Debtor is in default post-petition. These issues go to the heart of "adequate protection" and "cause" under § 362(d). The claim objection (Docket 36) further underscores these disputes and should be resolved before any relief from stay is granted.

**D. Debtor Has Equity and the Property Is Necessary for an Effective Reorganization**Debtor has proposed a Chapter 13 plan that provides for cure of any valid arrears and maintenance of ongoing payments. The property is Debtor's primary residence and essential to successful reorganization. Movant is adequately protected by the plan and equity cushion (if any). Relief from stay is not warranted at this time.

**IV. CONCLUSION**

For the foregoing reasons, Debtor respectfully requests that the Court **deny** the Motion for Relief from Automatic Stay. In the alternative, the Court should continue the hearing pending resolution of the Objection to Claim (Docket 36) and/or order an accounting of escrow funds and loan history.

Date May 18, 2026                                      /s/ Randy Chang

Beisa Ramulic Vallejo – 3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
7755 Center Ave., Ste 1100 Huntington Beach, CA 92647

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/18/2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Nancy K Curry (TR)
1000 Wilshire Blvd., Suite 870
Los Angeles, CA 90017
213-689-3014
inquiries@trusteecurry.com

David Coats
Robertson, Anschutz, Schneid & Crane, LLP
1 Park Plaza, Suite 600
Irvine, CA 92614

                                                           ☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) _____ ☐, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

                                                           ☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

                                                           ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 05/18/2026 | Randy Chang | /s/ Randy Chang |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California